Welch, J.
Under the code of civil procedure (sec. 384), judgment must be entered for the defendant, notwithstanding the verdict against him, if the plaintiff’s petition does not set *forth a good cause of action; and the objection to the petition may be taken on error, as well as by motion in arrest, or by demurrer. Whether, then, the petition in the original case sets forth substantially a good cause of action, is the only question now to be decided.
The petition is bad in form. It seeks both to affirm a contract and to set it aside. The injured party to a fraudulent contract must elect either to rescind it as void, and be restored to his former rights, or to affirm and enforce it by the recovery of damages for its breach, or by specific execution. He can not do both. But it is too late now to raise this objection. After a verdict and judgment for damages, it should be presumed, in support of them, that the plaintiff at the trial abandoned his prayer for a rescission, and elected to proceed upon his case for damages alone. The petition, therefore, must now be considered merely as a petition for damages, resulting from fraudulent representation and from breach of contract. Viewed in this light, the petition makes an undeniable and aggravated case against the defendant. As between the parties, and aside from questions of public policy, the plaintiff’s right to recover is not denied ; but it is denied upon the ground that his action is for the *118 enforcement of a contract made by Mm to defraud Ms creditors, and! comes witMn the rule, ex terpi causa non oritur actio.
That a contract of assignment made with intent to hinder, delay,, or defraud creditors, although void as to the creditors is valid between the parties, is well-settled law in Ohio. It is equally well settled, however, that courts of justice will aid neither party to enforce or to avoid the contract, where it constitutes a necessary part of the case or defense relied upon. The rule, briefly stated, is,, that parties are estopped from pleading their own iniquity; and the reason that underlies this rule is, that public good requires its adoption. It may, and generally does, work injustice in the particular case, but the partial evil is more than compensated by the' general good. It is simply a choice of evils by the court. Better that one fraudulent party should suffer the consequences of his own folly, although unjustly as between him and his accomplice in guilt, than that public morals should be outraged *by an apparent sanction of fraud. Justice, too, will be better subserved by preventing fraud against many innocent parties, than it will be by redressing the wrongs of a single party to a fraud.
If I understand counsel for defendant in error, however, this principle of law is not directly denied. He places the defendant’s' case, at least mainly, upon the ground than the petition shows no' intention to defraud creditors, and he has maintained this view of the case by an elaborate argument, and with much ingenuity and ability. The argument is, that the petition expressly asserts tho absence of any such intention, and alleges that Doty ■11 intended honestly to pay all his debts.” If this allegation stood alone, the argument would be unanswerable. But the petition contains another allegation on the subject of intention, and both must be construed together. That other allegation, in substance, is, that the purpose of the assignment was to prevent a “ sacrifice ” of the petitioner’s property. A “sacrifice” by whom? By his creditors. And how? In the use of remedies provided by law. To prevent this so-called “sacrifice” by legal process, was admittedly the paramount, nay, the sole motive. Construed together, then, what do these allegations mean? They plainly mean that Doty intended to deprive his creditors of all their legal remedies, but ultimately, and in his own good time, and if he should then be able, to satisfy their demands. That is, he intended to “ hinder ” and “ delay ” his creditors for a time, and then to pay them—provided a fraudulent accomplice: *119 would consent. He intended to withdraw from his creditors and! the law, where they belong, all questions as to times and places and modes of satisfaction of his debts, and to reserve their decision for himself and a confidential friend. This was nothing more nor less than an intention to hinder and delay, and therefore to defraud creditors. The intention ultimately to pay does not make it otherwise. It varies the degree of the fraud, but not the fact of fraud. The creditor has a right, as well to the remedies secured by the law, by which he can choose his own means and times of payment, as to the ultimate payment of the debt itself; and he has a right to be a *party to any arrangement by which those remedies are to be suspended or taken away.
Counsel lay much stress on the fact that Doty was deceived. He made the assignment under a mistaken belief that his creditors were about to resort to legal process. How does that vary the case ? The argument seems to be, that if the information had been correct, then he would have been justified in making the assignment. Such is not the case. The law requires a party to be honest at all times, and under evil as well as good report. If a party should part with his property, as counsel have argued, to save it from an apprehended robbery, or other calamity of the kind, no doubt he would be justified. But the trouble here is, that the “robbery” apprehended was the robbery of the law. The debtor has no right thus to hinder and delay any of his creditors; not even his vigilant and unscrupulous creditors. It is no more a fraud to make such assignment, with the knowledge common to all debtors, that their creditors may resort to their legal remedies, than it is to make it upon information that they intend so to do. Nor can it be perceived why it should make any difference, whether the representation relied upon is true or false ; whether it comes from the assignee, or a third person, or whether it is made fraudulently or in good faith. We have the same result in either case—an intent to hinder and delay creditors. This was the intent of Doty, if his case is stated correctly in the petition. He made th e assignment, if he is to be credited, in the honest belief, that if his creditors were unhindered and undelayed in the exercise of their legal rights, he would be a “ ruined man; ” and his admitted purpose was to interpose the necessary hindrance and delay, to save himself from ruin. No other motive is assigned, or can be assigned. If he had other and ulterior objects in view, which, in themselves were law *120 ful, they were embodied in, and were to flow out of this immediate and unlawful purpose of hindering and delaying his creditors. It he intended to hinder and delay his creditors, that is enough to make the act fraudulent, however honest he might intend to be in future, in controlling the consequences of his act. The law requires him to be honest in the present, as well as in. the future. To say, *in such a case, that there was no intention to defraud creditors, would be to open the door to all such assignments, and to allow the guilty party to escape by a mere mental reservation. As well might you allow the thief or the forger to rebut the criminal intent, and escape by showing an intention, some day, to make reparation. You can not block up a creditor’s road, with intent to prevent his travel upon it, and then prove that you did not mean to hinder and delay him, because, forsooth, you have in reserve for him something which you deem better than traveling. That is a matter of which he must be the judge, and not you.
Counsel insist that this was an assignment made for the benefit of creditors, and not to defraud them. If so, why was it not put in the form, of such an assignment? Why give it the form of an absolute assignment to Trimble, for his benefit alone ? Why make the actual trust, upon which he was to hold the property, a secret trust? And why make the debtor alone, and not the creditors, the beneficiary? In the writings, and in the secret verbal agreement, the names of the creditors are unmentioned, and their interests wholly unprovided for. These are the usual badges of a fraudulent transaction. If the assignment was in fact made for the benefit of creditors, they can yet enforce the trust. If not made for their benefit, they can set it aside, whatever may be the result of the present ■case. Therefore, there is no danger of the alleged object of the trust, the benefiting of creditors, being defeated. When the creditors •come forward, we will lend a willing ear to their complaints of fraud. They can set up the fraud without criminating themselves. Doty and Trimble can not. But we hear nothing from the creditors. If Doty was acting for their benefit, he had only to inform them.of the fraud—the double fraud—and have them, instead of himself, seek to set the transaction aside. But instead of this, he remains a reputed insolvent for years, and after the storm with his creditors has blown over, resulting, it may be, in the outlawry, release, or composition of their claims, he seeks, by an action in ■bis own name, to pocket the funds that should have gone to the *121 payment of his debts; and the ground upon which *he places his suit is, that he was guilty of only a single fraud, while ‘Trimble was guilty of a double fraud. •
But counsel contend that Trimble is estopped from setting up the fraud against creditors, because he denies “all fraud” in his ^answer. I think the denial should be referred to the fraud against Doty—the fraud upon which the action is based—and not to the fraud against creditors, which goes to defeat the action. But this is immaterial; for if Trimble is not estopped by his answer, he is -certainly estopped. Neither party can successfully set up his own fraud. Trimble’s mouth is closed, as well as that of Doty. It is •the law, and not Trimble, that sets up the fraud against creditors. And the law sets it up, not for the benefit of a party, but for the benefit of the public. Neither party can found his case or his defense upon his own fraud, or upon any chain of facts, one link in which consists of his own fraud; and whenever it is so set up, the law will seize upon the fraudulent act to defeat the case or defense.
We think the petition in the original case does not set forth a good cause of action, and that the court below erred in overruling .the motion for judgment notwithstanding the verdict.

Judgment reversed.

Drinkerhoee, C. J., and Scott, Day, and White, JJ., concurred*